UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80460-CIV-MARRA

ADVANCE CONCRETE MATERIALS, LLC,
a Florida limited liability company,

Plaintiff,

vs.

CON-WAY FREIGHT, INC., a Delaware
corporation f/k/a CON-WAY TRANSPORTATION,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Con-Way Freight, Inc.'s Motion to Dismiss Plaintiff's Claim for Attorney's Fees (DE 11); Defendant Con-Way Freight, Inc.'s Motion to Enter Default against the Plaintiff on the Defendant's Counterclaim Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (DE 12); Plaintiff Advance Concrete Materials, LLC's Motion to Strike Defendant Con-Way Freight, Inc.'s Affirmative Defenses Pursuant to 12(f)/Motion for More Definite Statement Pursuant to 12(e) (DE 16) and Defendant Con-Way Freight, Inc.'s Motion to Strike the Plaintiff's Response to the Court's Order to Show Cause Order of May 6, 2009 as Legally Insufficient/Renewed Motion for Default on Defendant's Counterclaim (DE 22). The Court has carefully considered the motions and is otherwise fully advised in the premises.

A.  Background

Defendant Con-Way Freight, Inc. ("Defendant") filed a Notice of Removal on March 20,

2009.  Plaintiff Advance Concrete Materials, LLC's ("Plaintiff") Complaint seeks damages related to the loss of use of Plaintiff's truck after Defendant's alleged negligence caused Defendant's truck to collide with Plaintiff's truck.  (DE 1.)

### B. Defendant's Motion to Dismiss Plaintiff's Claim for Attorney's Fees

Pursuant to Florida Statute § 57.105, Plaintiff has pled entitlement to attorney's fees in its Complaint.[1]  Although Florida Statute § 57.105 provides attorney's fees as a sanction for a meritless claim or defense,[2] Plaintiff has nonetheless raised this sanction as part of its initial

---

[1] Plaintiff did not file a response to this motion.

[2] Florida Statute § 57.105 provides in part:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts. However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
(2) Paragraph (1)(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.
(3) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.
(4) A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

pleading. Consequently, Defendant has moved to dismiss Plaintiff's claim for attorney's fees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant is correct that upon the filing of the Complaint, there is simply no basis for concluding that an award of attorney's fees as a sanction would be appropriate against a defendant who had not yet raised any defenses. See Palm Developments, Inc. v. Ridgdill & Sons, Inc., No. 2:08-cv-322-FtM-DNF, 2009 WL 513027, at * 6 (M.D. Fla. Feb. 27, 2009) (finding the request for attorney's fees pursuant to section 57.105 premature when no defense had yet been pled). Thus, the motion to dismiss the claim for attorney's fees is granted. Of course, Plaintiff is not precluded from seeking attorney's fees pursuant to this statute should circumstances develop that would later support an award under this statute.

### C.  Defendant's Motion to Enter Default against Plaintiff on Counterclaim and Defendant's Motion to Strike Plaintiff's Response to the Court's Order to Show Cause

On March 20, 2009, a Notice of Removal was filed and Defendant simultaneously filed its Answer, Affirmative Defenses and Counterclaim (DE 1 and 2). On that same day, defense counsel hand-delivered its Answer, Affirmative Defenses and Counterclaim to Plaintiff's counsel. (Aff. of Nicholas Van Valen, Ex. C, DE 12.)  On April 14, 2009, Defendant moved to enter default against Plaintiff on Defendant's counterclaim (DE 12). On April 15, 2009, Plaintiff filed its Answer to Defendant's counterclaim (DE 15). Based on the failure of Plaintiff to file a response to Defendant's motion, on May 6, 2009, the Court issued an Order to Show Cause as to why Defendant's Motion to Enter Default Against Plaintiff on the Defendant's Counterclaim should not be Granted (DE 19). On May 7, 2009, Plaintiff filed a response to the Court's Order

to Show Cause and stated that its Answer to the Counterclaim was only filed two days late, that the two day delay had not prejudiced Defendant, and that the default was not willful. Furthermore, according to Plaintiff, an associate at plaintiff's counsel law firm suffered a death in the family.  Plaintiff claims that he made this known to Defendant's counsel and that Defendant's counsel stated that it "was not his problem." (DE 21 at 2.)

On May 11, 2009, Defendant moved to strike Plaintiff's response to Court's Order to Show Cause, claiming that the response was unsupported by affidavits, misrepresented facts and law, did not address why there was good cause not to respond to the motion for default or to respond to the counterclaim.  In addition, Defendant stated that Plaintiff was six days late responding to the counterclaim, not two days late.  Defendant also took issue with Plaintiff's representations regarding the conversation between defendant's counsel and plaintiff's counsel.

In considering this record, the Court finds that Plaintiff has not acted in a responsible manner with respect to filing a response to the counterclaim and a response to the motion for default.  That stated, the Court also recognizes that "defaults are seen with disfavor because of the strong policy of determining cases on their merits."  <u>Florida Physician's Inc. Co. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993).  Here, no default was entered against Plaintiff and Plaintiff subsequently filed its Answer, albeit untimely.  Furthermore, given that Plaintiff filed an answer to the counterclaim within days after it was due, and Defendant has not shown any resulting prejudice from the delay, the Court believes the best course of action is to allow the case to be decided on the merits and not to enter a default against Plaintiff.  Likewise, the Court finds no basis to strike Plaintiff's response to the Court's Order to Show Cause.

> D.  Motion to Strike Defendant's Affirmative Defendants Pursuant to Rule 12(f) and Motion for More Definite Statement Pursuant to Rule 12(e)

Defendant has filed sixteen affirmative defenses (DE 2).  With respect to the first, second, ninth and thirteenth affirmative defenses, Plaintiff seeks a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Plaintiff moves to strike the remaining affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e); Holtzman v. B/E Aerospace, Inc., No.08-80748-CIV, 2008 WL 2225668, at * 2 (S.D. Fla. May 29, 2008) (lack of specificity of affirmative defenses is best dealt with under Rule 12(e)).  Here, Plaintiff moves for a more definite statement as to several of Defendant's affirmative defenses.  After careful review, the Court finds that the first, second, ninth and thirteenth affirmative defenses are sufficiently pled.  Thus, Plaintiff's request for a more definite statement as to the first, second, ninth and thirteenth affirmative defense is denied.

Next, the Court will address the motion to strike the affirmative defenses pursuant to Rule 12(f).  Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court.  See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991).  The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice."

Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[3] quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953); Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009). That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Id.

With respect to Plaintiff's complaint that the third, fourth and fifth affirmative defenses are redundant, the Court agrees that the second affirmative defense has pled comparative negligence and that the third, fourth and fifth affirmative defenses merely re-phase this affirmative defense. Therefore, they are stricken.

The tenth and fifteenth affirmative defenses, that Defendant's actions could not be the proximate or legal cause of Plaintiff's damage and that Plaintiff's damages were totally unforeseeable and Defendant had no duty to warn or prevent, are not affirmative defenses. Rather, they are denials, as they allege only defects in Plaintiff's prima facie case. See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir.1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); Zeron v. C & C Drywall Corp., Inc., No. 09-60861-CIV, 2009 WL 2461771, *2 (S.D. Fla. 2009) (same). However, when

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] ... the proper remedy is not [sic] strike the claim, but rather to treat is [sic] as a specific denial." Zeron, 2009 WL 2461771, at *2 (internal quotations and citations omitted).  Thus, the Court will not treat the tenth and fifteenth affirmative defenses as defenses but rather will treat them as denials.

Defendant concedes that the fourteenth affirmative defense is not an affirmative defense, thus it will be stricken.  In addition, the parties agree that the prevailing party in this case is not entitled to attorney's fees and costs in this action, thus rendering the sixteenth affirmative defense moot.  Finally, upon reviewing the sixth, seventh, eighth, ninth, eleventh and twelfth affirmative defenses, the Court finds that these affirmative defenses are sufficiently pled.

E. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant Con-Way Freight, Inc.'s Motion to Dismiss Plaintiff's Claim for Attorney's Fees (DE 11) is **GRANTED**.

2) Defendant Con-Way Freight, Inc.'s Motion to Enter Default against the Plaintiff on the Defendant's Counterclaim Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (DE 12) is **DENIED.**

3) Plaintiff Advance Concrete Materials, LLC's Motion to Strike Defendant Con-Way Freight, Inc.'s Affirmative Defenses Pursuant to 12(f)/Motion for More Definite Statement Pursuant to 12(e) (DE 16) is **GRANTED IN PART AND DENIED IN PART.**

4) Defendant Con-Way Freight, Inc.'s Motion to Strike the Plaintiff's Response to

the Court's Order to Show Cause Order of May 6, 2009 as Legally

Insufficient/Renewed Motion for Default on Defendant's Counterclaim (DE 22) is

**DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 11th day of September, 2009.

_____
KENNETH A. MARRA
United States District Judge